IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY CRUMPTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HAEMONETICS CORPORATION, a Massachusetts corporation, <br><br> Defendant. | Case No. 1:21-cv-001402 |

### DEFENDANT HAEMONETICS CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Haemonetics Corporation ("Haemonetics"), through its undersigned counsel, NIXON PEABODY LLP, hereby gives notice of the removal of this civil action ("Notice") from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. As explained below, this action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b) because minimal diversity exists and it is not legally impossible that the putative class members' claims exceed $5,000,000. *Spivey v. Vertrue*, 528 F.3d 982, 983 (7th Cir. 2008) (removal is proper under the Class Action Fairness Act if recovery at the $5,000,000 threshold is "not legally impossible").

### Overview of the Claims Asserted and Relief Sought

1. Plaintiff Mary Crumpton filed a putative class-action complaint pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, *et seq.*, alleging that Haemonetics failed to make the required disclosures and obtain Plaintiff's consent before "collecting" and "storing" her biometric information. (Complaint, ¶¶5, 20-25, 33-35, 42-59). A copy

1

of the complaint, summons, all process served on Haemonetics, and the file obtained from the Circuit Court of Cook County, Illinois docket is attached hereto as **Exhibit A**.

2. More specifically, Plaintiff alleges that she was required to scan her fingerprints to donate blood plasma at a facility operated by third-party Octapharma between June 2017 and August 2018 and that Plaintiff's fingerprint was provided to Haemonetics's donor management software and servers as part of this process, without her consent and without maintaining a publicly available policy regarding its guidelines for destruction and retention of her biometric information. (Complaint, ¶¶28–36, 42-59).

3. Under BIPA, a plaintiff may sue a private entity for statutory violations in state court or as a supplemental claim in federal court. 740 ILCS § 14/20. The Act authorizes a prevailing party to recover liquidated damages of $1,000 per negligent violation and $5,000 per willful and/or reckless violation, including reasonable attorneys' fees and other costs associated with litigation. *Id.* BIPA also permits claimants to obtain injunctive relief. *Id.*

4. According to the Complaint, Plaintiff seeks numerous forms of relief. Relevant for purposes of this Notice, Plaintiff seeks "liquidated damages of $5,000 for each willful and/or reckless violation of" BIPA or, in the alternative, $1,000 for each negligent violation of BIPA. Complaint, ¶¶49, 59, and Prayer for Relief ¶C. Plaintiff also seeks an award of attorneys' fees and costs. Prayer for Relief ¶D.

5. Plaintiff seeks to represent a class of plaintiffs consisting of: "All residents of the State of Illinois who had their fingerprints collected, captured, received, possessed, or otherwise obtained by Haemonetics while residing in Illinois." Complaint, ¶37.

## Basis for Subject-Matter Jurisdiction

6. Subject matter jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b).

7. CAFA gives the Court original jurisdiction over "any civil action" in which (a) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; and (b) the plaintiff asserts a class action in which any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2). A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). To determine the amount in controversy under CAFA, the claims of the class members are aggregated. 28 U.S.C. § 1332(d)(6).

8. The jurisdictional requirements of 28 U.S.C. § 1332(d)(2) are satisfied here.

9. First, this lawsuit is a "class action," in that Plaintiff seeks to bring BIPA claims on behalf of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, possessed, or otherwise obtained by Haemonetics while residing in Illinois." Complaint, ¶37. Plaintiff seeks class certification under 735 ILCS 5/2-801, which is patterned after Federal Rule of Civil Procedure 23 and, thus, is a "similar State statute" under CAFA. *Smith v. Illinois Cent. R. R. Co.*, 223 Ill. 2d 441, 450 (Ill. 2006).

10. Second, the parties are at least minimally diverse. 28 U.S.C. § 1332(d)(2)(A); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed where class representatives were citizens of Illinois and defendant was a Delaware corporation with its principal place of business in Arizona). Here, Plaintiff is a citizen of Illinois (Complaint, ¶7) and Haemonetics is a citizen of Massachusetts. Complaint, ¶8; *see also* Declaration of Alexander P. Steffan, attached hereto as **Exhibit B**, at ¶3. Thus, as the class is defined, there is complete diversity between the class members and Haemonetics.

11. Third, the aggregate amount of the putative class members' claims could exceed $5,000,000. Haemonetics denies that it violated BIPA and that this case is appropriate for class

treatment.[1] Nevertheless, Haemonetics's records reflect that there are over 1,001 potential class members. Exhibit B, ¶5. Plaintiff alleges statutory damages to each class member of up to $5,000 per violation of BIPA. With over 1,001 potential class members, at one violation per class member, the amount in controversy under Plaintiff's case theory could exceed $5,000,000.

Procedure for Removal

12. Haemonetics was served with process on February 10, 2021. Exhibit A; Exhibit B, ¶6. Haemonetics is filing this notice within thirty days from the date that service of the Complaint was made. Therefore, this Notice is timely. 28 U.S.C. § 1446(b).

13. Haemonetics is filing notice of the removal of this action with the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d). The United States District Court for the Northern District of Illinois is the division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

14. Haemonetics submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations, that the Court has personal jurisdiction over Haemonetics, or that Plaintiff pled claims upon which relief can be granted.

WHEREFORE, Defendant Haemonetics Corporation respectfully removes Plaintiff's claims to federal court pursuant to 28 U.S.C. § 1441, § 1446, and § 1332.

*- Signature Block on Following Page -*

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive, and expressly reserves, its argument that this matter is improper for class certification.

Dated: March 12, 2021                               By: /s/ *Richard H. Tilghman*
                                                    Attorney for Haemonetics Corporation

                                                    John T. Ruskusky
                                                    jtruskusky@nixonpeabody.com
                                                    Richard H. Tilghman
                                                    rhtilghman@nixonpeabody.com
                                                    Tevin Hopkins
                                                    thopkins@nixonpeabody.com
                                                    Nixon Peabody LLP
                                                    70 W. Madison Street, Suite 3500
                                                    Chicago, IL 60602-4283
                                                    (312) 977-4400

## CERTIFICATE OF SERVICE

       The undersigned, an attorney, states that he caused the foregoing **Notice of Removal** to be served upon the counsel of record below via electronic transmission on March 12, 2021.

| | |
|---|---|
| Benjamin H. Richman<br>brichman@edelson.com<br>J. Eli Wade-Scott<br>ewadescott@edelson.com<br>Schuyler Ufkes<br>sufkes@edelson.com<br>**EDELSON PC**<br>350 N. LaSalle Street, 14th Floor<br>Chicago, IL 60654 | David Fish<br>dfish@fishlawfirm.com<br>John Kunze<br>kunze@fishlawfirm.com<br>**THE FISH LAW FIRM, P.C.**<br>200 East Fifth Avenue, Suite 123<br>Naperville, IL 60653 |

                                                    /s/ *Richard H. Tilghman*
                                                    Richard H. Tilghman