# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
02/10/2021
CT Log Number 539028405

**TO:** Michelle Basil, Exec. Vice President & General Counsel
Haemonetics Corporation
125 SUMMER ST
BOSTON, MA 02110-1616

**RE:** **Process Served in Massachusetts**

**FOR:** Haemonetics Corporation  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARY CRUMPTON individually and on behalf of all others similarly situated, Pltf. vs. HAEMONETICS CORPORATION, etc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 2021CH00560 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/10/2021 at 11:06 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117987960 |
| | Image SOP |
| | Email Notification,  Michelle Basil  michelle.basil@haemonetics.com |
| | Email Notification,  Sarah Sirles  sarah.sirles@haemonetics.com |
| | Email Notification,  Thomas Powers  tpowers@haemonetics.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 155 Federal Street Suite 700 Boston, MA 02110 866-401-8252 EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



A TRUE COPY ATTEST 2/10/2021

Process Server & Disinterested Person

FILED
2/4/2021 1:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00560

12101698

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MARY CRUMPTON, individually and on
behalf of all others similarly situated

_____
                                    Plaintiff(s)

                    v.

HAEMONETICS CORPORATION, a
Massachusetts corporation,

_____
                                    Defendant(s)

c/o CT Corporation System
155 Federal St., Ste. 700, Boston, MA 02110

_____
                        Address of Defendant(s)

Case No.   2021CH00560
_____

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ◉ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

FILED DATE: 2/4/2021 1:39 PM   2021CH00560

**Summons - Alias Summons**             **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

<br>

◉ Atty. No.: 62075

○ Pro Se 99500

Name: J. Eli Wade-Scott

Atty. for (if applicable):

Plaintiff Mary Crumpton

Address: 350 North LaSalle Street, 14th Floor

City: Chicago

State: IL    Zip: 60654

Telephone: 312.242.0859

Primary Email: ewadescott@edelson.com

Witness date _____

Iris Y. Martinez, Clerk of Court 2/4/2021

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____

(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 2/4/2021 1:39 PM   2021CH00560

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED DATE: 2/4/2021 1:39 PM   2021CH00560

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 6/7/2021 10:00 AM - 10:00 AM
Courtroom Number: 2403
Location: District 1 Court
Cook County, IL

FILED
2/4/2021 12:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00560

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MARY CRUMPTON, individually and on behalf of all others similarly situated, | Case No.: |
| *Plaintiff,* | 12100465 |
| v. | |
| HAEMONETICS CORPORATION, a Massachusetts corporation, | |
| *Defendant.* | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mary Crumpton brings this Class Action Complaint and Demand for Jury Trial against Defendant Haemonetics Corporation to put a stop to its unlawful collection, use, and storage of Plaintiff's and the putative Class members' sensitive biometric data. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.      Defendant Haemonetics is a leading blood and plasma management company that provides IT and software solutions to plasmapheresis facilities. Haemonetics offers its customer-facilities donor management software, including a product called eQue, that allows facilities to identify their donors' using a biometric finger scanner. Haemonetics provides its donor management software to plasmapheresis facilities across Illinois, including to Octapharma Plasma, Inc.

2.      When donors first register to donate plasma at plasmapheresis facilities that use Haemonetics' software, they are often required to scan their fingerprints in the facility's

FILED DATE: 2/4/2021 12:56 PM    2021CH00560

Haemonetics donor management system as a means of identification, instead of using only identification numbers or cards.

3.    Unlike identification numbers or cards—which can be changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with a donor. This exposes donors to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, donors have no means by which to prevent identity theft and unauthorized tracking.

4.    Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

5.    Haemonetics not only provides its biometric-enabled donor management system to plasmapheresis facilities, but critically, Haemonetics *itself* also collects, stores, and uses donor biometric data through those systems. Despite collecting and possessing donor biometric data, Haemonetics disregards donors' statutorily protected privacy rights provided by BIPA. Specifically, Haemonetics has violated BIPA because it did not:

- Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

- Establish or comply with a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints, as required by BIPA; nor

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by BIPA.

6.    Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding liquidated damages to Plaintiff and the proposed Class defined below.

2

FILED DATE: 2/4/2021 12:56 PM  2021CH00560

**PARTIES**

7.     Plaintiff Mary Crumpton is a natural person and citizen of the State of Illinois.

8.     Defendant Haemonetics is a corporation existing under the laws of the Commonwealth of Massachusetts with its headquarters located at 125 Summer Street, Boston, Massachusetts 02110.

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois (for example, Haemonetics contracted with and provided products and services to plasmapheresis facilities throughout Illinois, including to Octapharma), has committed tortious acts in Illinois, and has been registered to conduct business in Illinois. Additionally, this Court has jurisdiction over Plaintiff because she is a resident of the State of Illinois.

10.     Venue is proper in Cook County because Defendant conducts business transactions in Cook County.

**FACTUAL BACKGROUND**

**I.     The Biometric Information Privacy Act.**

11.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

12.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer

3

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, and can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

13.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

14.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information."

740 ILCS 14/15(b).

15.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

16.     BIPA also establishes standards for how companies must handle Illinois consumers' biometric identifiers and biometric information. *See, e.g.*, 740 ILCS 14/15(a), (c)–(d). For instance, the BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

17.     BIPA also prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information to third parties without first obtaining consent for that disclosure, 740 ILCS 14/15(d)(1), and further prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information, 740 ILCS 14/15(c).

18.     Ultimately, BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

**II.     Haemonetics Violates the Biometric Information Privacy Act.**

19.     By the time BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of

FILED DATE: 2/4/2021 12:56 PM    2021CH00560

their biometric data.

20.     Unfortunately, Haemonetics failed to address these concerns. Haemonetics collect, stores, and uses donors' biometric data in violation of BIPA.

21.     Specifically, Haemonetics provides donor management software to plasmapheresis facilities, like Octapharma, which can be used in conjunction with a finger scanner to identify donors.

22.     When donors first donate plasma at a plasmapheresis facility that utilizes Haemonetics software and finger scanner, they are required to have their fingerprints scanned in order to enroll them in the facility's Haemonetics donor management system.

23.     Unbeknownst to doners, when they scan their fingerprints on a facility's finger scanner, the Haemonetics donor management system automatically sends the donor's fingerprint to Haemonetics' servers, as a daily upload, to be collected and stored in Haemonetics' fingerprint database.

24.     Despite collecting and storing donors' fingerprints, Haemonetics fails to inform donors of the complete purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all. Indeed, donors are unaware that by providing their biometric identifiers to their plasmapheresis facility they are actually transmitting their sensitive biometric data to Haemonetics.

25.     Haemonetics similarly failed to establish a written, publicly available policy identifying its retention schedule for customers' biometric data, and guidelines for permanently destroying their fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA. A donor who used a finger scanner at a plasmapheresis facility utilizing Haemonetics software does so without any knowledge of

6

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

Haemonetics possessing their biometric identifiers or when their biometric identifiers will be removed from Haemonetics' databases—or if they ever will be.

26.     The Pay By Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Haemonetics'—where donors are aware that they are providing biometric identifiers to their plasmapheresis facility but are not aware of to whom or the full extent of the reasons they are doing so, nor are informed who else is receiving this data—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Haemonetics disregards these obligations, and instead unlawfully collected, stored, possessed, and used donors' biometric identifiers and information without proper consent.

27.     Ultimately, Haemonetics disregarded donors' statutorily protected privacy rights by violating BIPA.

## FACTS SPECIFIC TO PLAINTIFF CRUMPTON

28.     Plaintiff Crumpton donated plasma at an Octapharma plasmapheresis facility between June 2017 and August 2018.

29.     Haemonetics provided Octapharma its eQue donor management software as a way for Octapharma to identify donors.

30.     When Plaintiff Crumpton first visited Octapharma, Octapharma required her to scan her fingerprint on a finger scanner, which stored her fingerprint in order to identify Plaintiff Crumpton.

31.     When Plaintiff Crumpton scanned her fingerprint on Octapharma's finger scanner, the Haemonetics' eQue system automatically sent her biometric identifier and/or

7

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

biometric information to a Haemonetics-owned server to be collected and stored in Haemonetics' fingerprint database.

32.     Each time Plaintiff Crumpton donated plasma at Octapharma, she was required to scan her fingerprint.

33.     Haemonetics never informed Plaintiff Crumpton of the specific limited purposes or length of time for which it collected, stored, or used her fingerprint.

34.     Similarly, Haemonetics never informed Plaintiff Crumpton of any biometric data retention policy it developed, nor whether it will ever permanently delete her fingerprint.

35.     Plaintiff Crumpton never signed a written release allowing Haemonetics to collect or store her fingerprint.

36.     Plaintiff Crumpton has continuously and repeatedly been exposed to the risks and harmful conditions created by Haemonetics' violations of BIPA alleged herein.

37.     Plaintiff Crumpton now seeks liquidated damages under BIPA as compensation for the injuries Haemonetics has caused.

## CLASS ALLEGATIONS

**Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, possessed, or otherwise obtained by Haemonetics while residing in Illinois.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been

8

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

38.    **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of individuals who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

39.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)  whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

b)  whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

c)  whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

d)  whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

f)  whether Defendant complies with any such written policy (if one exists);

g)  whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

9

FILED DATE: 2/4/2021 12:56 PM    2021CH00560

h)  whether the violations of BIPA were committed negligently; and

i)  whether the violations of BIPA were committed willfully.

40.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

41.    **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

FIELD DATE: 2/4/2021 12:56 PM   2021CH00560

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/15(a)**
**(On Behalf of Plaintiff and the Class)**

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     BIPA mandates that companies in possession of biometric data establish and
maintain a satisfactory biometric data retention (and—importantly—deletion) policy.
Specifically, those companies must: (i) develop a written policy establishing a retention schedule
and guidelines for permanent deletion of biometric data (at most three years after the company's
last interaction with the consumer); (ii) make the policy available to the public; and (iii) actually
adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS
14/15(a).

44.     Unfortunately, Haemonetics failed to comply with these BIPA mandates.

45..     Haemonetics is a corporation and thus qualifies as a "private entity" under BIPA.
*See* 740 ILCS 14/10.

46.     Plaintiff and the Class are individuals who had their "biometric identifiers"
collected and possessed by Haemonetics (in the form of their fingerprints), as explained in detail
in Section II. *See* 740 ILCS 14/10. Haemonetics also collected and possessed information based
on Plaintiff's and the Class's fingerprints used to identify them, which is "biometric
information." *Id.*

47.     Despite collecting and possessing Plaintiff's and the Class's biometric identifiers
and biometric information, Haemonetics failed to develop, make publicly available, and comply
with a retention schedule or guidelines for permanently destroying donors' biometric identifiers
and biometric information, in violation of 740 ILCS 14/15(a).

48.     By collecting, possessing, storing, using, and failing to timely delete Plaintiff's

11

FILED DATE: 2/4/2021 12:56 PM  2021CH00560

and the Class's biometric identifiers and biometric information as described herein, Haemonetics violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

49.     On behalf of herself and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Haemonetics to comply with BIPA's requirements for the possession and deletion of biometric identifiers and biometric information as described herein; (2) liquidated damages of $5,000 for each of Haemonetics' willful and/or reckless violations of 740 ILCS 14/15(a) pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of 740 ILCS 14/15(a) pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

<div align="center">

**SECOND CAUSE OF ACTION**
**Violation of 740 ILCS 14/15(b)**
**(On Behalf of Plaintiff and the Class)**

</div>

50.     Plaintiff incorporates the foregoing allegations as if fully set forth herein

51.     BIPA requires companies to obtain informed written consent from consumers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

<div align="center">12</div>

FILED DATE: 2/4/2021 12:56 PM  2021CH00560

52. Unfortunately, Haemonetics failed to comply with these BIPA mandates.

53. Haemonetics is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

54. Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Haemonetics (in the form of their fingerprints), as explained in detail in Section II. *See* 740 ILCS 14/10. Haemonetics also collected and possessed information based on Plaintiff's and the Class's fingerprints used to identify them, which is "biometric information." *Id.*

55. Haemonetics violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

56. Haemonetics violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

57. Haemonetics violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored, and used.

58. By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Haemonetics violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

59. On behalf of herself and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Haemonetics to comply with BIPA's requirements for the collection, storage, and use of

13

FILED DATE: 2/4/2021 12:56 PM 2021CH00560

biometric identifiers and biometric information as described herein; (2) liquidated damages of $5,000 for each willful and/or reckless violation of 740 ILCS 14/15(b) pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of 740 ILCS 14/15(b) pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

14

FILED DATE: 2/4/2021 12:56 PM   2021CH00560

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**MARY CRUMPTON**, individually and on behalf of all others similarly situated,

Dated: February 4, 2021

By: /s/ J. Eli Wade-Scott
        One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 62075

David Fish
dfish@fishlawfirm.com
John Kunze
jkunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
Firm ID: 44086

15

Return Date: No return date scheduled
Hearing Date: 6/7/2021 10:00 AM - 10:00 AM
Courtroom Number: 2403
Location: District 1 Court
    Cook County, IL

FILED
3/5/2021 10:20 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00560

12463389

**Appearance and Jury Demand \***

(12/01/20) CCG 0009

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

_____ COUNTY    DEPARTMENT/ <u>CH</u> DISTRICT

| | |
|---|---|
| MARY CRUMPTON, individually and on behalf of all others | Case No.   2021 CH 00560 |
| <div align=right>Plaintiff</div> | Claimed $: _____ |
| similarly situated | |
| v. | Return Date: _____   Time: _____ |
| HAEMONETICS CORPORATION, a Massachusetts Corp. | Court Date: _____   Room No.: _____ |
| <div align=right>Defendant</div> | |

Address of Court District for Filing

**APPEARANCE AND JURY DEMAND \***

☐ General Appearance    ☐ 0900 - Fee Paid      ☐ 0904 - Fee Waived
                     ☐ 0908 - Trial Lawyers Appearance - No Fee
☐ Jury Demand \*     ☑ 1900 - Appearance and Jury Demand/Fee Paid    ☐ Twelve-person Jury
                     ☐ 1904 - Appearance and Jury Demand/No Fee Paid    ☐ Six-person Jury

The undersigned enters the appearance of:   ○ Plaintiff   ○ Defendant

Litigant's Name:   Mary Crumpton

Signature: /s/ _____

☐ Initial Counsel of Record    ☐ Pro Se (Self-represented)     ☐ 2810 Rule 707 Out-of-State Counsel
                                                     (pro hac vice)
☑ Additional Appearance    ☐ Substitute Appearance

○ Atty. No.:   44086        ○ Pro Se 99500

Name:   The Fish Law Firm, P.C.

Atty. for (if applicable):

Plaintiff

> **IMPORTANT**
>
> _Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)_

Address:   200 East 5th Avenue, Suite 123

City:   Naperville

State:   IL   Zip:   60563   Phone:   630-355-7590

Primary Email:   dfish@fishlawfirm.com

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office
    Electronic Notice Policy and choose to opt in to electronic
    notice from the Clerk's office for this case at this email address:

Email:   docketing@fishlawfirm.com

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/   David J. Fish

Attorney for   ⊗ Plaintiff   ○ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

FILED DATE: 3/5/2021 10:20 AM   2021CH00560