IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARY CRUMPTON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-1402 |
| v. | ) | Judge Rebecca R. Pallmeyer |
| HAEMONETICS CORPORATION, a Massachusetts corporation, | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) | |

**DEFENDANT HAEMONETICS CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Haemonetics Corporation ("Haemonetics"), by its attorneys, moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction. In support of this Motion, Haemonetics states as follows.

## INTRODUCTION

Plaintiff's claims represent a continuing but flawed effort to file lawsuits based on the Illinois Biometric Information Privacy Act ("BIPA") against companies that allegedly offer biometric-enabled technology for use by third-party customers, which third-party customers then deploy the defendant's technology in their interactions with individual Illinois residents. In those cases, courts have consistently held that personal jurisdiction over the provider of alleged biometric-enabled technology is lacking if: (a) the defendant is not "at home" in Illinois; and (b) the defendant does not provide the alleged biometric-enabled technology directly to individual Illinois residents and, instead, the technology only reaches Illinois residents through the third-party customer. *Salkauskaite v. Sephora USA, Inc.*, No. 18-cv-8507, 2020 WL 2796122 (N.D. Ill. May 30, 2020); *Bray v. Lathem Time Co.*, Case No. 19-3157, 2020 WL 1492742 (C.D. Ill. March 27, 2020); *McGoveran v. Amazon Web Services, Inc.*, Case No. 3:20-CV-31-NJR, 2020 WL 5602819 (S.D. Ill. Sept. 18, 2020); *Stein*

*v. Clarifai, Inc.,* No. 20 C 1937, 2021 WL 1020997 (N.D. Ill. Mar. 16, 2021). This Court should follow suit and dismiss Plaintiff's claims against Haemonetics for lack of personal jurisdiction because Haemonetics has no physical presence or significant operations in Illinois and no relationship with Illinois plasma donors like Plaintiff.

## FACTUAL BACKGROUND

Plaintiff is an Illinois resident who donated blood plasma at a donation facility operated by Octapharma Plasma, Inc. ("Octapharma"). Complaint, ¶7.[1] At the time of her donation, Plaintiff allegedly scanned her fingerprint as a means of verifying her identity without receiving the written notice and providing the written consent required by BIPA. Complaint, ¶¶28-37. Plaintiff claims that this resulted in her fingerprint being provided to Haemonetics's server and "fingerprint database" without her consent. Complaint, ¶¶31, 35. Plaintiff also complains that Haemonetics failed to maintain a publicly available policy regarding its retention and destruction guidelines for biometric information. Complaint, ¶47. Plaintiff seeks liquidated damages of $1,000 per negligent violation and $5,000 per willful or reckless violation of BIPA. Complaint, ¶¶49, 59.

In her jurisdictional allegations, Plaintiff attempts to connect Haemonetics to Illinois as follows: "Defendant conducts business transactions in Illinois (for example, Haemonetics contracted with and provided products and services to plasmapheresis facilities throughout Illinois, including to Octapharma, has committed tortious acts in Illinois, and has been registered to conduct business in Illinois." Complaint, ¶9. In her Complaint against Octapharma, however, Plaintiff identifies Octapharma as a Delaware corporation headquartered in North Carolina. Exhibit 1, at Exhibit A, ¶10. Further, as set forth in the declaration of Alexander P. Steffan, Haemonetics does not engage in sales activity targeted at Illinois. Exhibit 1, ¶8. Instead, Haemonetics's donor management

[1] Haemonetics does not admit the allegations in the Complaint. Rather, Haemonetics merely is recounting Plaintiff's allegations here without admitting them.

software is available for sale throughout the United States, wherever Haemonetics's customers are doing business. *Id.*, ¶8. Further, Haemonetics does not choose the locations in which its software is deployed by its customers; rather, the location of deployment is controlled entirely by Haemonetics's customers. *Id.*

Haemonetics does not provide any installation, setup-related services, or technical support services at customer sites in Illinois for the donor management software. *Id.* Haemonetics's customers choose the method for verifying the eligibility of donors to donate blood or plasma, with no involvement from Haemonetics. *Id.*, ¶9. Haemonetics has no relationship with these donors, which is formed solely by the interactions between the customer and the donor. *Id.* While Haemonetics understands that its customers have processes in place to receive consent from donors, it cannot dictate to customers how or in what form its customers obtain consent from Illinois donors. *Id.*, ¶10. No data from Haemonetics's donor management software is stored on servers in Illinois. *Id.*, ¶13.

More generally, Haemonetics owns no real property in Illinois, has no bank accounts in Illinois, retains no Illinois phone listing or mailing address, and only seventeen of its over 2700 employees reside in Illinois. Exhibit 1, ¶¶3, 4, 11. None of these seventeen employees are on the team responsible for Haemonetics's donor management software referenced in the Complaint. *Id.*, ¶11, 12. Haemonetics has never been incorporated in Illinois and has never had its headquarters in Illinois. *Id.*, ¶4.

## ARGUMENT

### I. Legal Standard

Federal courts sitting in diversity may exercise personal jurisdiction over a nonresident defendant only if the forum state would have jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Under Illinois's long-arm statute, Illinois courts can exercise jurisdiction as

permitted by the Illinois or United States Constitutions. 735 ILCS 5/2-209(c). Because the state and federal standards are substantially the same, courts assess personal jurisdiction by applying the federal standards. *Hyatt*, 302 F.3d at 715; *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *1 (N.D. Ill. Jan. 21, 2016).

Personal jurisdiction over a foreign defendant is appropriate only if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In determining whether to exercise personal jurisdiction, courts distinguish between general, "all-purpose" jurisdiction, and specific, "case-linked" jurisdiction. *Hyatt,* 302 F.3d at 713. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).

It is the Plaintiff's burden to establish personal jurisdiction over the defendant. *Purdue Research v. Sonofi-Synthelabo, SA*, 338 F.3d 773, 782 (7th Cir. 2003). While the Plaintiff's allegations must generally be accepted as true in assessing personal jurisdiction, when those allegations have been challenged by declaration, the plaintiff must go beyond the pleadings and submit evidence to support the exercise of jurisdiction. *Purdue*, 338 F.3d at 783; *Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058, 1061 (N.D. Ill. 2012). In this case, Plaintiff cannot meet her burden of establishing the requirements for either general or personal jurisdiction over Haemonetics in Illinois.

## II. The Court lacks general personal jurisdiction over Haemonetics.

General jurisdiction may be asserted only where the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). A defendant may be deemed "at home" in a jurisdiction other than its state of incorporation and principal place of business only in a truly "exceptional case." *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014); *Goodyear Dunlop Tires Operations, S.A.,*564 U.S. at 919. In fact, the threshold to establish general jurisdiction requires

that the contacts with the forum "be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue*, 338 F.3d at 787.

The Supreme Court has "identified only two places where that condition will be met: the state of the corporation's principal place of business and the state of its incorporation." *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015). "[A]dditional candidates [for general jurisdiction] would have to meet the stringent criteria laid out in *Goodyear* and *Daimler*," which "require more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Id.* (quoting *Daimler*, 571 U.S. at 137-38).

In this case, the Court lacks general personal jurisdiction over Haemonetics because it is not "essentially at home" in Illinois. *Kipp*, 783 F.3d at 698. As Plaintiff acknowledges, Haemonetics is incorporated and headquartered in Massachusetts and has never been incorporated or headquartered in Illinois. Complaint, ¶8; Exhibit 1, ¶4. Haemonetics maintains no physical offices in Illinois or bank accounts in Illinois. *Id.* ¶¶4, 5. While seventeen of Haemonetics's approximately 2700 employees reside in Illinois, all of those employees are remote workers who work from home, rather than a Haemonetics corporate office. *Id.*, ¶11. None of those seventeen employees are on the team responsible for Haemonetics's donor management software at issue. *Id.*, ¶12. That seventeen Haemonetics employees happen to work from home in Illinois cannot, as a matter of law, give rise to an assertion that Haemonetics, as a whole, is "at home" in this state.

**III. The Court lacks specific personal jurisdiction over Haemonetics.**

Specific personal jurisdiction exists only where "(1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin*

*v. Spin Master Corp.*, 921 F.3d 701, 705-06 (7th Cir. 2019). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects [it] to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014). The analysis properly "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283-84. This relationship "must arise out of contacts that the defendant [itself] creates with the forum." *Id.* at 284. As is relevant here, the defendant's contact with the forum state cannot be attenuated or the result of the actions of a third party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

**A. Haemonetics lacks sufficient case-specific contacts with Illinois to support the exercise of specific personal jurisdiction.**

Multiple district courts have addressed the requirements for establishing personal jurisdiction in BIPA cases brought against a defendant that offers alleged biometric-enabled technology. **These decisions are uniform: a defendant's sale of technology that allegedly allows for the collection of biometric information from Illinois residents is insufficient to support specific personal jurisdiction, even if the defendant knows that the technology is being deployed in Illinois.** For example, in *Salkauskaite v. Sephora USA, Inc.*, No. 18-cv-8507, 2020 WL 2796122 (N.D. Ill. May 30, 2020), the plaintiff filed a BIPA class action against a retailer and a provider of facial recognition software that was allegedly used by Illinois residents while trying on beauty products at the retailer's Illinois stores. The plaintiff alleged that this facial recognition software was deployed without providing notice to, and obtaining consent from, Illinois users regarding the collection of their biometric information. *Salkauskaite*, 2020 WL 2796122, at *1. Although there was evidence that the provider of the facial recognition software knew that its technology was being used by its customer in Illinois, the Court held that this knowledge was insufficient to give rise to personal jurisdiction because the remaining

evidence indicated that the defendant had merely sold biometric-enabled software to a retail customer and the customer had then chosen to deploy the software in Illinois. *Id.* at *5. The software provider's knowledge that its software was being used in Illinois was insufficient to establish that it had purposefully directed the alleged wrongful conduct at Illinois residents. *Id.*

Likewise, in *Bray v. Lathem Time Co.*, Case No. 19-3157, 2020 WL 1492742 (C.D. Ill. March 27, 2020), the defendant allegedly sold biometric timekeeping systems to employers to track the work time of hourly employees and collected biometric information from Illinois employees without providing notice and obtaining consent under BIPA. The defendant argued that providing biometric-enabled time clocks to companies that employ Illinois residents was insufficient to create personal jurisdiction because the employers decided whether to use the devices in Illinois, whether to enable biometric features, and whether to enroll in the defendant's web-enabled software service. *Bray*, 2010 WL 1492742, at *3. The court agreed and held that the defendant's case-specific contacts with Illinois were insufficient to create personal jurisdiction, emphasizing that the putative class members' injury stemmed not from the defendant's sale of biometric-enabled technology to Illinois employers, "but from the employers' subsequent use of [the defendant's] devices, which take place wherever and in whatever manner the employers choose." *Id.* at *4.

A third BIPA case against two vendors of biometric-enabled technology was dismissed for lack of personal jurisdiction in *McGoveran v. Amazon Web Services, Inc.*, Case No. 3:20-CV-31-NJR, 2020 WL 5602819 (S.D. Ill. Sept. 18, 2020). There, the defendants provided a voice recognition and data hosting technology to help their customers' call centers recognize incoming callers. Although the plaintiff alleged that the defendants intercepted calls placed to their customers by Illinois residents and sent the audio of those calls for voice recognition processing, the court held that these contacts were insufficient to give rise to personal jurisdiction. *McGoveran*, 2020 WL 5602819, *5-6. The fact that the technology was used by the defendants' customers on calls from

Illinois residents was not enough to establish that the defendant had directed its activity at Illinois. *Id.* As is the case here, one of the defendants had employees in Illinois whose job functions were unrelated to the conduct described in the Complaint. This limited employment of Illinois residents also was insufficient to create personal jurisdiction. *McGoveran*, 2020 WL 5602819, at *5.

Finally, in *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016), the plaintiff brought a BIPA class action against Facebook for scraping facial features from photographs uploaded by Illinois residents to identify individuals dep12icted in photographs uploaded to the social media site. The Court dismissed the plaintiff's claim for lack of personal jurisdiction, reasoning that, because this technology was deployed across all uploaded photographs, not merely those uploaded by Illinois residents, Facebook had not targeted its alleged wrongful conduct at Illinois residents. *Gullen*, 2016 WL 245910, at *2-3. *See also Stein v. Clarifai, Inc.,* No. 20 C 1937, 2021 WL 1020997 (N.D. Ill. Mar. 16, 2021) (dismissing BIPA claim for lack of personal jurisdiction where the only alleged contact between the plaintiffs' claims and Illinois was through a third-party).

Based on these authorities, there can be no doubt that Plaintiff's claims against Haemonetics should also be dismissed. Like the defendants in each of these cases, Haemonetics merely offers a technology to potential customers nationwide—it does not target its marketing activities to Illinois. Exhibit 1, ¶6. It is up to Haemonetics's customers to decide: (a) how to verify donors' eligibility to donate; (b) where to deploy Haemonetics's software; and (c) whether and in what form notice and consent should be obtained from donors. *Id.*, ¶9, 10. Haemonetics personnel does not enter into Illinois to sell, set up, or implement its donor management software. *Id.*, ¶8. Any relationship with Illinois residents is established between Haemonetics's customers that operate blood or plasma donation facilities in Illinois. *Id.*, ¶9. Unlike Facebook, which was not subject to personal jurisdiction in Illinois despite gathering facial feature data directly from Illinois users who had contracted to use

Facebook's social media website, Haemonetics has no relationship with the putative class members in this case. Exhibit 1, ¶9. Indeed, the plasma donation facility at which Plaintiff allegedly donated is owned by an out-of-state corporation that contracted with Haemonetics for its software services. *Id.*, ¶7. Because Haemonetics's alleged contact with Illinois residents was only achieved through its relationships with third parties, any alleged contact between Haemonetics and Illinois is too attenuated to give rise to personal jurisdiction in this forum.

## CONCLUSION

**FOR THESE REASONS**, and all reasons appearing of record, Defendant Haemonetics Corporation respectfully requests that the Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and grant any additional or alternative relief the Court deems appropriate.

Dated: March 19, 2021

By: /s/ *John T. Ruskusky*
Attorney for Haemonetics Corporation

John T. Ruskusky
jtruskusky@nixonpeabody.com
Richard H. Tilghman
rhtilghman@nixonpeabody.com
Tevin Hopkins
thopkins@nixonpeabody.com
Nixon Peabody LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602-4283
(312) 977-4400

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing **Motion to Dismiss for Lack of Personal Jurisdiction** to be served upon the counsel of record below via electronic transmission on March 19, 2021.

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
**EDELSON PC**
350 N. LaSalle Street, 14th Floor
Chicago, IL 60654

David Fish
dfish@fishlawfirm.com
John Kunze
kunze@fishlawfirm.com
**THE FISH LAW FIRM, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, IL 60653

/s/ *John T. Ruskusky*
John T. Ruskusky