**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MARY CRUMPTON, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | No. 1:21-cv-01402 |
| v. | Judge Jeremy C. Daniel |
| HAEMONETICS CORPORATION, a Massachusetts corporation, | |
| *Defendant*. | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter comes before the Court on Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement (dkt. 80) between Plaintiff Mary Crumpton ("Plaintiff") and Defendant Haemonetics Corporation ("Defendant" or "Haemonetics") (Plaintiff and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Class Action Settlement Agreement (the "Settlement Agreement") (dkt. 80-1), and Plaintiff's Motion for and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Award (dkt. 74), the Court having reviewed the papers and arguments of all interested parties and having held a Final Approval Hearing on June 4, 2024, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.     Unless defined herein, all capitalized terms and phrases in this order shall have the same meanings as ascribed to the same terms in the Settlement Agreement. (Dkt. 80-1.)

1

2.      This Court has subject-matter jurisdiction over the Action to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      On February 8, 2024, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the Settlement Class consisting of:

> All individuals who scanned their finger at a plasma donation facility in Illinois and for whom any alleged biometric data relating to that scan was shared with or stored by Haemonetics between February 4, 2016 and February 8, 2024.

> Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, (4) the legal representatives, successors, heirs, or assigns of any such excluded persons, and (5) persons who executed a written consent authorizing the disclosure of their alleged biometric information to Haemonetics prior to scanning their finger at a plasma donation facility in Illinois.

(Dkt. 72.) The Court now confirms final certification of the Settlement Class for purposes of entering final judgment.

4.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via U.S. Mail and/or email (which reached 97.87% of the Settlement Class), two rounds of reminder notices via email, and the creation and publication of the Settlement Website, www.HAEBIPAsettlement.com—provided the best practicable notice under the circumstances. The Notice was reasonably calculated to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing. Therefore, the Notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive

notice, including all necessary information to protect the interests of the Settlement Class and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5.     The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. (*See* dkt. 78.) As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6.     The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of the Honorable James F. Holderman (ret.) of JAMS Chicago who served as the Parties' mediator, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7.     The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, and the high rate of valid claims. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable,

3

considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The Court further finds that the Parties achieved a satisfactory claims rate as a result of the Notice program: 26.1% of the Settlement Class submitted an Approved Claim. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

9. No Settlement Class Member has objected to any of the terms of the Settlement Agreement or the Fee Award. One member of the Settlement Class—Sherrell Hunt (Class Member ID 21564)—has submitted a timely request for exclusion. Sherrell Hunt is excluded from the Settlement Class and the Settlement.

10. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

11. Other than as provided in the Settlement Agreement and this order, the Parties shall bear their own costs and attorneys' fees.

12. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses the Action on the merits and with prejudice.

13. Upon the Effective Date of the Settlement Agreement, and in consideration of the settlement relief and other consideration described in the Settlement Agreement, Plaintiff and each Settlement Class Member and their respective present or past heirs, executors, estates,

administrators, assigns, and agents, and each of them, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged Haemonetics Corporation and all of its affiliated companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors, and assigns from any and all past and present claims or causes of action including without limitation any violation of the Biometric Information Privacy Act, whether known or unknown (including "Unknown Claims" as defined in the Settlement Agreement), arising from Defendant's alleged collection, possession, capture, purchase, receipt through trade, obtainment, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers, as defined under applicable law, including but not limited to fingerprints, finger scans, finger templates, or any information derived from the foregoing, regardless of how it is captured, converted, stored, or shared, through the use of Haemonetics' donor management software, including without limitation the eQue software. For the avoidance of any doubt, Haemonetics' customers, including but not limited to any third-party private entities that are currently defendant(s) in separate pending BIPA litigation, and their parents and subsidiaries, are not included as Released Parties.

14. Accordingly, the Settlement Agreement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

15. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing

5

documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

16.     The Court awards to Class Counsel $2,827,814.00 as a fair and reasonable attorneys' fee for their representation of the Settlement Class, which shall include all attorneys' fees and reimbursable expenses associated with the Action. This amount shall be paid from the Settlement Fund pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Settlement Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 33% of the net Settlement Fund (*i.e.,* the Settlement Fund minus the total Settlement Administration Expenses and incentive award), is in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

17.     The Court awards to the Class Representative an incentive award of $5,000.00 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

18.     The Court approves the appointment of Simpluris, Inc. as Settlement Administrator and approves the payment of all reasonable Settlement Administration Expenses to the Settlement Administrator, which shall not exceed $161,386.00. The final Settlement Administration Expenses shall be set forth in a final invoice to be approved by Class Counsel and shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

19.     To the extent a check issued to a Settlement Class Member is not cashed within one hundred and eighty (180) days after the date of issuance or an electronic deposit is unable to be processed within one hundred and eighty (180) days of the first attempt, such funds will first be re-distributed to Settlement Class Members who cashed their checks or successfully received their electronic payments, if feasible and in the interests of the Settlement Class. If re-distribution is not feasible or if residual funds remain after re-distribution, such funds shall be distributed to the American Civil Liberties Union of Illinois, earmarked to support its Government Accountability and Personal Privacy efforts (a non-profit organization that advocates to protect Illinoisans' privacy rights), as a *cy pres* recipient.

20.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order, and for any other necessary purpose.

IT IS SO ORDERED, this 4th day of June, 2024.

_____

JEREMY C. DANIEL
UNITED STATES DISTRICT JUDGE